**Opinion issued September 23, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00108-CV

————————————

**IRIS GONZALEZ, Appellant**

**V.**

**DIVERSICARE LEASING CORP., D/B/A AFTON OAKS NURSING CENTER A/K/A AFTON OAKS NURSING AND REHAB CENTER AND DIVERSICARE AFTON OAKS, LLC, Appellees**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-26341**

---

## MEMORANDUM OPINION

Iris Gonzalez appeals the trial court's dismissal of her lawsuit for failure to

file an expert report as required by the Texas Medical Liability Act (TMLA). *See*

*generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001–.507 (West 2011 & West Supp. 2014). Gonzalez was employed at a nursing home, and she sued her employer after she "tripped over crates on a pathway for employees" and as a result "sustained personal injuries." In a single appellate issue, Gonzalez argues that the trial court erred by dismissing her case with prejudice because her claim was for "ordinary negligence" and not related to health care. Our resolution of this appeal is controlled by this court's recent decision in *Williams v. Riverside General Hospital, Inc.*, No. 01-13-00335-CV, 2014 WL 4259889 (Tex. App.—Houston [1st Dist.] Aug. 28, 2014, no pet. h.), which held that "a garden-variety slip-and-fall claim that is completely untethered from the provision of health care" cannot constitute a health care liability "safety" claim. *Id*. at *7. Accordingly, we reverse and remand for further proceedings.

## Background

Iris Gonzalez was employed at a nursing home known as Afton Oaks. Shortly after arriving at work one evening, she exited the building to move her car. A co-worker had stacked empty milk crates in the dimly lit path used by employees to enter and exit the building. Gonzalez stumbled over the milk crates and fell to the ground, sustaining injuries. She sued her employer,[*] alleging that it

---

[*] In her original petition, Gonzalez alleged that she was an employee of two separate companies, Diversicare Leasing Corp. (d/b/a Afton Oaks Nursing Center and a/k/a Afton Oaks Nursing and Rehab Center) and Diversicare

2

was a non-subscriber under the Texas Workers' Compensation law, and that it was liable for the following acts and omissions:

a. Failing to provide a safe place to work;

b. Failing to adequately establish and enforce safety rules and regulations;

c. Failing to eliminate unsafe methods and operations;

d. Failing to provide warning signs to employees;

e. Failing to warn employees of dangerous conditions on its premises;

f. Failing to eliminate dangerous conditions on its premises;

g. Creating dangerous conditions on its premises;

h. Failing to properly supervise its employees, agents, and/or representatives;

i. Failing to properly train its employees, agents, and/or representatives; and

j. Failing to hold safety meetings and/or posting safety rules.

Afton Oaks argued that Gonzalez's claim was a health care liability claim because she had sued a nursing home and alleged departures from accepted

---

Afton Oaks, LLC, both of which she identified as her employers. In a verified denial, the Afton Oaks entities alleged a defect in the parties as claimed by Gonzalez. They contend that Gonzalez's employer at the time of her alleged injuries was Diversicare Afton Oaks, LLC d/b/a Afton Oaks Nursing Center, and that this entity operated the nursing home where Gonzalez worked. The defendants further contended that Diversicare Leasing Corp. was not Gonzalez's employer and did not own or control the premises of the nursing home. For purposes of this opinion, we refer to the appellees simply as "Afton Oaks."

standards of safety. In addition, because Gonzalez failed to serve an expert report within the 120-day deadline, Afton Oaks sought dismissal with prejudice and an award of attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)–(c). The trial court granted the motion to dismiss, and Gonzalez appealed.

**Analysis**

In her sole issue, Gonzalez argues that the trial court erred in concluding that her claim was a health care liability claim because the acts of which she complains were not directly related to health care. Afton Oaks does not argue that her alleged injuries related to health care; rather, it argues that Gonzalez asserted a "safety" claim which required dismissal for failure to file an expert report. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001(a)(13) & 74.351(b), (r)(6) (West Supp. 2014). We review such a claim for abuse of discretion. *See, e.g.*, *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). To the extent the characterization of a claim as a health care liability claim hinges on an interpretation of a statute or its application to established facts, that is a question of law which we review de novo. *See Tex. W. Oaks Hosp., L.P. v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012).

There is no dispute that Gonzalez was claiming that she was injured as a result of the nursing home's negligent acts, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(2) (defining "claimant"), or that the nursing home was a health

4

care provider under the statute, *see id.* § 74.001(a)(11)(J), (12)(A)(vii). Therefore our focus is on only the second element, i.e. whether the claim or claims at issue must concern treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care. Gonzalez argues that her claims were for ordinary negligence, were unrelated to health care, and therefore were not health care liability claims. Afton Oaks argues that this case involves a departure from standards of safety and is controlled by the Supreme Court's holding in *Texas West Oaks Hospital, L.P. v. Williams*, 371 S.W.3d 171 (Tex. 2012), which stated that a "safety claim" need not be directly related to health care in order to qualify as an HCLC under the TMLA.

A similar issue involving safety claims and the application of *Texas West Oaks* was very recently decided by another panel of this court. In *Williams v. Riverside General Hospital*, the plaintiff was a nursing assistant who sued her hospital employer for personal injuries arising from two on-the-job incidents: tripping over an extension cord left out by a co-worker, and slipping on a hospital floor due to a substance emitted by "a leaky piece of lab equipment." *Williams*, 2014 WL 4259889, at \*1. The *Williams v. Riverside* panel distinguished *Texas West Oaks* and held that "there must . . . be some *indirect*, reasonable relationship between claims and the provision of health care" for such claims to be health care

liability claims. *Id.* at *7. The panel further reasoned that a personal-injury claim arising from tripping on an extension cord "is a garden-variety slip-and-fall claim that is completely untethered from the provision of health care," and that "[t]he same holds true" for the claim based on slipping on the hospital floor. *Id.*

In this case, Gonzalez alleged that Afton Oaks was negligent for failing to take specific actions to establish, provide, and maintain a safe work environment for its employees. To the extent that the gravamen of her claims invokes her employer's liability for a co-worker's placement of empty milk crates in a dimly lit path on the premises of a nursing home, this case is indistinguishable from *Williams* insofar as her claim may be characterized as a "garden-variety" personal injury claim "that is completely untethered from the provision of health care." *Id.* As such, it does not qualify for the "safety" category of health care liability claims, and the trial court erred by dismissing her claims with prejudice. *See id.*

## Conclusion

We sustain Gonzalez's sole issue. We reverse the judgment of the trial court and remand the case for further proceedings.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

6